**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Roy Lahti, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   No.   10 C 4996 |
| | ) |
| Hilco Receivables, LLC, n/k/a Equable | ) |
| Ascent Financial, LLC, a Delaware | ) |
| limited liability company, National Action | ) |
| Financial Services, Inc., a Georgia | ) |
| corporation, The Northland Group, | ) |
| Inc., a Minnesota corporation, and | ) |
| Vision Financial Corp., a New York | ) |
| corporation, | ) |
| | ) |
|     Defendants. | )   <u>Jury Demanded</u> |

### COMPLAINT

Plaintiff, Roy Lahti, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) most of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

### PARTIES

3.    Plaintiff, Roy Lahti ("Lahti"), is a citizen of the State of Arizona, from whom Defendants attempted to collect a delinquent consumer debt owed for a GE Money

Bank account, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Hilco Receivables, LLC, n/k/a Equable Ascent Financial, LLC ("Hilco"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  From its offices in Buffalo Grove, Illinois, Hilco operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5.      Defendant Hilco is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors, like the other Defendants.

6.      Defendant Hilco is licensed to conduct business in Illinois, maintains a registered agent here and is headquartered here, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Hilco conduct business in Illinois.

7.      Defendant, National Action Financial Services, Inc. ("NAFS"), is a Georgia corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  NAFS collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

2

8. Defendant, The Northland Group, Inc. ("Northland"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Northland collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

9. Defendant, Vision Financial Corp. ("Vision"), is a New York corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Vision collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

10. Defendants NAFS, Northland and Vision are, or were, licensed to conduct business in Illinois and maintained registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit B. In fact, Defendants NAFS, Northland and Vision conduct business in Illinois by collecting delinquent consumer debts from hundreds of Illinois consumers.

11. Moreover, Defendants NAFS, Northland and Vision are each licensed as a collection agency in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit C. In fact, Defendants NAFS, Northland and Vision act as debt collectors in Illinois.

## FACTUAL ALLEGATIONS

12. Mr. Lahti is a senior citizen, with limited assets and income, who fell behind on paying his bills, including a consumer debt he owed for a GE Money Bank account. At some point in time after that debt became delinquent, it was bought by

3

Defendant Hilco, and when Hilco began trying to collect this debt from Mr. Lahti, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendants' collection actions.

13.     Specifically, Defendant Hilco hired another debt collector, Enhanced Recovery Corp., ("ERC") to demand payment of the GE Money Bank account from Mr. Lahti by sending him a collection letter, dated June 3, 2009.  A copy of this letter is attached as Exhibit D.

14.      Accordingly, on July 14, 2009, one of Mr. Lahti's attorneys at LASPD informed Defendant Hilco, through its agent, ERC, that Mr. Lahti was represented by counsel, and directed Hilco to cease contacting him, and to cease all further collection activities because Mr. Lahti was forced, by his financial circumstances, to refuse to pay his debts.  Copies of this letter and fax confirmation are attached as Exhibit E.

15.     Nonetheless, despite being advised that Mr. Lahti was represented by counsel and refused to pay the debt, Defendant Hilco then had Defendant NAFS demand payment from Mr. Lahti of the GE Money Bank debt by sending Mr. Lahti a collection letter dated January 20, 2010.  A copy of this letter is attached as Exhibit F.

16.     Mr. Lahti's attorneys at LASPD then informed Defendants Hilco and NAFS, in a letter dated February 23, 2010, that Mr. Lahti was represented by counsel, and directed Defendants to cease collections and cease communications.  Copies of this letter and fax confirmation are attached as Exhibit G.

17.     Undeterred, Defendant Hilco next demanded payment of the debt in a collection letter, dated March 17, 2010, sent to Mr. Lahti by Defendant Northland.  A copy of this collection letter is attached as Exhibit H.

18.    Accordingly, on April 19, 2010, Mr. Lahti's LASPD attorneys sent Defendants another letter, demanding a cessation of Hilco's illegal communications and collections.  Copies of this letter and fax confirmation are attached as Exhibit I.

19.    In utter disregard for the law, Defendant Hilco then had Defendant Vision demand payment of the GE Money Bank debt by sending Mr. Lahti a collection letter, dated June 16, 2010.  A copy of this collection letter is attached as Exhibit J.

20.    Thus, on August 2, 2010, Mr. Lahti's LASPD attorneys sent Defendants yet a fourth letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit K.

21.    All of Defendants' collection actions complained of herein (Exhibits F, H and J) occurred within one year of the date of this Complaint.

22.    Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And To Cease Collections**

23.    Plaintiff adopts and realleges ¶¶ 1-22.

24.    Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

25.    Here, the letters from Mr. Lahti's agent, LASPD, told Defendants to cease communications and to cease collections.  By continuing to communicate regarding this

5

debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

26.     Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

27.     Plaintiff adopts and realleges ¶¶ 1-22.

28.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

29.     Defendants knew, or readily could have known, that Mr. Lahti was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendants, in writing, that Mr. Lahti was represented by counsel, and had directed a cessation of communications with Mr. Lahti.  By directly sending Mr. Lahti collection letters (Exhibits F, H and J) , despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

30.     Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Roy Lahti, prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Lahti, and against Defendants, for

actual and statutory damages, costs, and reasonable attorneys' fees as provided by §

1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Roy Lahti, demands trial by jury.

Roy Lahti,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  August 9, 2010

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com